**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA BIERNBAUM, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | Case number 4:05cv0750 ERW |
| ) | TCM |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

    This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), denying the application of Cynthia Biernbaum for disability insurance benefits ("DIB") under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-433, and for supplemental security income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383b.[1] Plaintiff has filed a brief in support of her complaint. In response, the Commissioner moves to reverse her decision and to remand the case to the Appeals Council for further proceedings. Plaintiff has no objection to this motion.

    Plaintiff filed for DIB and SSI in February 2003, alleging a disability caused by chronic obstructive pulmonary disease and two broken ankles. (R.[2] at 49-51, 334-38.) Her

---

[1]The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2]References to "R." are to the administrative record filed by the Commissioner with her answer.

applications were denied initially and after a hearing before an Administrative Law Judge ("ALJ"). (Id. at 17-28, 339-59.) The ALJ found that Plaintiff had severe medical impairments of chronic pulmonary insufficiency and asthma, but these impairments did not prevent her from performing her past relevant work as a salesperson, customer service supervisor, data entry clerk, and cashier. (Id. at 22.) The Appeals Council subsequently denied review, effectively adopting the ALJ's decision as the decision of the Commissioner. (Id. at 4-6.)

Plaintiff contends in her brief that the ALJ erred by discounting the opinions of her pulmonary specialist and her orthopedic specialist and finding she had the residual functional capacity to perform light work. In response, the Commissioner requests that her decision be reversed and the case be remanded pursuant to sentence four of 42 U.S.C. § 405g to permit the Appeals Council to remand the case to the ALJ for a "more specific residual functional capacity assessment with function-by-function comparisons to Plaintiff's past relevant work" and, if necessary, for vocational expert testimony. (Mot. at 1-2.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (alteration added). A remand sought by the Commissioner after she files her answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F.Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four); **Finch v. Apfel**, 993 F. Supp. 712, 714 (E.D. Mo. 1998) (granting Commissioner's sentence four motion to remand filed after plaintiff moved for summary judgment, a sentence six remand being "obviously inappropriate.").

After having filed her answer, the Commissioner requests a remand for the purpose of an ALJ conducting the proper analysis of Plaintiff's residual functional capacity and the functional demands of her past relevant work. If this analysis requires the admission of vocational expert testimony, the ALJ is to obtain such. As noted above, Plaintiff expressly does not object to this motion.

Accordingly, for good cause shown,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand be **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g), her decision be REVERSED, and the case be REMANDED for further proceedings. [Doc. 16]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of October, 2005.